**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SAMUEL N. BREWER,**

                                    **Plaintiff,**

    **vs.**                                           **1:14-cv-00778
                                                               (MAD/ATB)**

**GEM INDUSTRIAL INC.,**

                                    **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**SAMUEL N. BREWER**
Post Office Box 399
Saratoga Springs, New York 12866
Plaintiff *pro se*

**O'CONNOR, O'CONNOR,**               **LIA B. MITCHELL, ESQ.**
**BREESEE & FIRST**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 26, 2014, Plaintiff *pro se* Samuel N. Brewer (hereinafter "Plaintiff"), commenced this action alleging that GEM Industrial, Inc. (hereinafter "Defendant") violated his rights under Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5(e)(1). *See* Dkt. No. 1.

Currently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which Plaintiff has opposed. *See* Dkt. No. 9.

### II. BACKGROUND

According to Plaintiff's complaint, he was selected for recruitment into a "peer group organization" by his supervisor, Hussein Shousher ("Shousher") in September of 2011. Dkt. No.

1 at 6. Plaintiff researched the group and became concerned about the use of "New Age Religious beliefs . . . in the context of his employment [and] its compatibility with his personal deeply held Christian beliefs." *Id.* at 7. When Plaintiff discussed these concerns with Shousher, Shousher's "responses were threatening in nature, in that he indicated that refusal to join had in one case led to a 'young man's life flying apart' in the Cleveland area and also the possibility of being 'blackballed' by this 'very powerful group' as it related to future employability." *Id.* Plaintiff declined to join the organization in December of 2012, at which point he contends that his relationship with Shousher soured. *Id.* On January 25, 2014, Plaintiff "admitted himself to the hospital for an episode of Vertigo[,]" and was released on February 4, 2014. *Id.* at 8. Upon Plaintiff's release from the hospital, "he was informed via telephone he was no longer an employee and was sent a one-sided release to sign." *Id.* Plaintiff further alleges that "he signed the release without the benefit of counsel, under duress and threat from Mr. Shousher's associates, and under the influence of medication . . . ." *Id.* Due to the circumstances surrounding the release, Plaintiff "claims that his release is invalid." *Id.* As set out in his complaint, Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2014. *Id.* at 4. The EEOC issued Plaintiff a Notice-of-Right-to-Sue letter on April 2, 2014. *Id.*

Defendant's motion to dismiss argues that "the existence of the release warrants a 12(b)(6) dismissal . . . ." Dkt. No. 9-1 at 4. Alternatively, Defendant argues that Plaintiff has not alleged facts sufficient to suggest the release was signed under duress, specifically because Plaintiff accepted and did not return the severance package received in return for signing the release. *Id.* at 5. Finally, if this Court declines to grant Defendant's motion to dismiss, Defendant claims that

this case belongs in the Northern District of Ohio due to the forum selection clause contained within the release signed by Plaintiff. *Id.* at 6.

Plaintiff objects to Defendant's motion on multiple grounds. Regarding the validity of the release, Plaintiff argues: (1) waiver of his Title VII claim violates the equal protection clause, and therefore the release is void; (2) he did not sign the release knowingly and voluntarily; and (3) that dismissing his duress claim due to his inability to pay back the severance payment creates "an inappropriate financial hurdle to someone who has been forced to file an *in form[a] pauperis* legal action and cannot possibly pay." Dkt. No. 10 at 8. Plaintiff then argues that the motion to transfer venue should be denied because Plaintiff's place of employment was within the Northern District of New York, and he does not have the assets to continue litigation in Ohio. Dkt. No. 10 at 9.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471

F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted).

**B.    Validity of the release**

As a preliminary matter, Plaintiff's contention that the release is unenforceable under the equal protection clause has no basis in the law. Dkt. No. 10 at 5-6. A release is not void simply because it releases one party from liability for claims under Federal law. *Nicomedez v. AIG*, No. 12 Civ. 490, 2012 WL 5264560, *3 (S.D.N.Y. Oct. 16, 2012) ("A release is a contract. . . . Accordingly, releases 'which are the product of fraud or duress are capable of ratification and are voidable, not void. . . . That a release involves allegations of discrimination under federal, state or local law does not alter that general contract law principle") (citations omitted). The Court now turns to the remainder of the claims before it on this motion.

### *1. Choice of laws analysis*

Although Defendant contends that Ohio law governs the release signed by Plaintiff, "'[t]he validity of a contractual choice-of-law clause is a threshold question that must be decided not under the law specified in the clause, but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses.'" *Dessert Beauty, Inc. v. Platinum Funding Corp.*, 519 F. Supp. 2d 410, 420 (S.D.N.Y. 2007) (quoting *Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005)). Therefore, New York choice of law rules apply to this case.

The first step in New York's choice of law inquiry is to establish whether there is a conflict between the laws of the different jurisdictions involved in the case. *See In re Allstate Ins. Co. (Solarz)*, 81 N.Y.2d 219, 223 (1993); *see also Forest Park Pictures*, 683 F.3d at 433 (citation omitted). A conflict between the laws of two different jurisdictions arises when each jurisdiction prescribes "different substantive rules . . . ." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998) (citation omitted). If there is no conflict, then a choice of laws analysis is entirely unnecessary, and the forum state may apply its own law to the case at hand, so long as the forum state is one of

the relevant jurisdictions. *See IBM v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143-44 (2d Cir. 2004) (citation omitted); *Trolone v. Lac D'Amiante Du Quebec, Ltee*, 297 A.D.2d 528, 528 (1st Dep't 2002), *aff'd* 99 N.Y.2d 647 (2003) (affirming the trial court's rejection of a choice of laws analysis and subsequent use of New York law, despite the appellant's assertion that New Jersey law be used, because there was "no relevant conflict" between the applicable laws of New York and New Jersey).

The Second Circuit set forth the New York economic duress standard as follows:

> The doctrine of economic duress is grounded in the principle that courts "will not enforce an agreement in which one party has unjustly taken advantage of the economic necessities of another and thereby threatened to do an unlawful injury." *VKK Corp. v. NFL*, 244 F.3d 114, 122 (2d Cir. 2001) (internal quotation marks omitted). To void a contract on the ground of economic duress, the complaining party must show that its agreement was procured by means of (1) a wrongful threat that (2) precluded the exercise of its free will. *See Stewart M. Muller Constr. Co. v. N.Y. Tel. Co.*, 40 N.Y.2d 955, 956, 390 N.Y.S.2d 817, 817, 359 N.E.2d 328 (1976); *accord Sitar v. Sitar*, 61 A.D.3d 739, 742, 878 N.Y.S.2d 377, 380 (2d Dep't 2009); *see also Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir. 1989) ("New York law . . . establishes the following elements of economic duress: (1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative." (internal quotation marks omitted)).

*Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011). The Sixth Circuit provided the Ohio standard as follows:

> Under Ohio law, [Defendant] is required to show that three elements exist to rely upon the doctrine of economic duress. *Blodgett v. Blodgett*, 49 Ohio St. 3d 243, 246, 551 N.E.2d 1249, 1251 (Ohio 1990). "These are (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Id.* (quoting *Urban Plumbing & Heating Co. v. United States*, 187 Ct. Cl. 15, 408 F.2d 382, 389–90 (Ct. Cl. 1969)) (emphasis removed).

*ODW Logistics, Inc. v. Karmaloop, Inc.*, Nos. 2:12-cv-00996, 2:13-cv-00270, 2013 WL 3475163, *3 (S.D. Ohio July 10, 2013). Although worded differently, these standards do not enunciate "substantively different rules." *Curley*, 153 F.3d at 12. While New York specifies that the threat or coercive act must be wrongful, this does not change the nature of the inquiry. Ultimately, the trier of fact must determine whether the defendant's act prohibited the plaintiff from choosing an alternative course of action. Further, this alternative course of action must have been available but for the defendant's "coercive act" or "wrongful threat . . . ." *ODW Logistics*, 2013 WL 3475163 at *3; *Interpharm Inc.*, 655 F.3d at 142. Since New York and Ohio do not use "substantively different rules[,]" and New York is one of the relevant jurisdictions, this Court may apply New York law. *Curley*, 153 F.3d at 12. Accordingly, the Court will analyze Plaintiff's economic duress claim using New York law.

### *2. Economic duress*

In an attempt to avoid the economic duress claim altogether, Defendant argues that Plaintiff "has failed to allege that he returned the $9,000 severance payment, [and so] he cannot rely on a claim of duress to avoid the release." Dkt. No. 9-6 at 3. "[W]hen a party makes a Rule 12(b)(6) motion to dismiss, a court will limit its consideration to the facts asserted on the face of the complaint." *Phillips v. Merchants Ins. Group*, 990 F. Supp. 99, 100 (N.D.N.Y. 1998). Plaintiff did not include any facts about the existence or receipt of the severance payment in his initial complaint. Therefore, the Court cannot reference this payment to rule on the economic duress claim.

Plaintiff alleges that he "signed the release . . . under duress and threat from Mr. Shousher's associates . . . ." Dkt. No. 1 at 8. Plaintiff has not provided any specific facts regarding the alleged threats other than this conclusory assertion. Therefore, Plaintiff has "not

7

met [his] burden of pleading a proper claim for unenforceability of the Release based upon duress." *Sandy Hollow Assocs. LLC v. Inc. Vill. of Port Wash. N.*, No. CV 09-2629, 2010 WL 6419570, *23 (E.D.N.Y. Sept. 6, 2010) (holding that a complaint with no more than conclusory allegations of extortionate demands does not sufficiently state a claim to void the release based on economic duress).

Based on the foregoing, the Court finds that Plaintiff has not plausibly alleged that the release is unenforceable on the grounds of economic duress.

### *3. Knowing and voluntary waiver of discrimination claims*

#### *a. Governing legal standard*

Plaintiff alleges that the release is invalid because "he signed [it] without the benefit of counsel, under duress and threat from Mr. Shousher's associates, and under the influence of medication, without knowing the extent of the damage that had been done." Dkt. No. 1 at 8. An individual may "settle or waive claims of discrimination in violation of [Title VII] so long as the waiver is made knowingly and voluntarily." *Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1365 (2d Cir. 1991). The Second Circuit applies a "totality of the circumstances" inquiry to ascertain whether a release was "knowing and voluntary." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998) (citing *Nicholas v. Nynex, Inc.*, 929 F. Supp. 727, 730 n.1 (S.D.N.Y. 1996)). The Circuit has enumerated a number of factors that are particularly relevant to this inquiry:

> 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

8

*****

> In addition, courts have considered a seventh factor—whether the
> employer encouraged the employee to consult an attorney and
> whether the employee had a fair opportunity to do so.

*Id.* (citing *Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989) (quoting *EEOC v. American Express Pub. Corp.*, 681 F. Supp. 216, 219 (S.D.N.Y. 1988))). None of the seven factors is individually dispositive. *See, e.g.*, *Rozenfeld v. Dep't of Design & Const. of City of New York*, 875 F. Supp. 2d 189, 200 (E.D.N.Y. 2012) (noting that "Plaintiff did not consult an attorney prior to signing the Stipulation," but "this does not automatically render the Stipulation invalid, and courts have found waivers to be valid when a plaintiff did not consult an attorney prior to signing"); *Laramee v. Jewish Guild for Blind*, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1999) ("These factors are neither exhaustive nor must all of the factors be satisfied before a release is enforceable" (citation omitted)).[1]

### b. *Plaintiff's education and business experience*

To satisfy the first *Bormann* factor, courts have only required a high school equivalency diploma. *Bachiller v. Turn on Products, Inc.*, No. 00 Civ. 8701, 2003 WL 1878416, *4 (S.D.N.Y. Apr. 14, 2003), *aff'd*, *Bachiller v. Turn on Products, Inc.*, 86 Fed. Appx. 465 (2d Cir. 2004) ("Plaintiff, who has a high school Equivalency Diploma and who at the time of her employment terminated was an accounts payable clerk, was capable of understanding the Release and the

---

[1] While the Court will conduct a *Bormann* analysis, the Sixth Circuit uses a similar, although not identical, method to determine whether waiver of Title VII claims are knowing and voluntary. *See Adams v. Phillips Morris, Inc.*, 67 F.3d 580 (6th Cir. 1995). When possible, the Court will support it's findings with case law from both circuits. However, factors three and seven are not present in the *Adams* analysis, and therefore the Court will rely solely on New York precedent for those factors.

Notice"); *Adams*, 67 F.3d at 583 (holding that general knowledge and awareness of rights was sufficient to support knowing and voluntary execution).

According to Plaintiff's records, he successfully completed four years of college. Dkt. No. 10 at 12. Further, Plaintiff attained the rank of captain in the United States Air Force. *See id.* Accordingly, the Court finds that this factor weighs in favor of Defendant.

### *c. Amount of time in possession of or with access to the agreement before signing*

Courts have found that "even a few hours will suffice" to satisfy this factor. *Mandavia v. Columbia University*, 912 F. Supp. 2d 119, 130 (S.D.N.Y. 2012). Plaintiff alleges that he "was sent a one-sided release to sign" after being "informed via telephone he was no longer an employee . . . ." Dkt. No. 1 at 8. The complaint does not allege that Plaintiff was forced to sign the release immediately, but rather implies that he had time to review it before signing it. *Wright v. Apple Creek Development Center*, No. 5:06 CV 0542, 2008 WL 818790, \*2 (N.D. Ohio Mar. 24, 2008) (finding that since the plaintiff was not limited in time this factor weighed in favor of the defendant). Therefore, the Court finds this factor weighs in Defendant's favor.

### *d. Plaintiff's role in deciding the terms of the agreement*

Although Plaintiff appears to allege that he did not negotiate the terms of the release, courts have held that the absence of this factor alone does not create an issue as to voluntariness. *Reid v. IBM Corp.*, No. 95 Civ. 1755, 1997 WL 357969, \*5 (S.D.N.Y. June 26, 1997) (citations omitted). In the current case, although Plaintiff alleges that he did not play a role in deciding the terms of the release, he received substantial benefits in return for his signature. Dkt. No. 1 at 8. According to the release, Plaintiff received (1) a $9,000 severance benefit, (2) Defendant's contribution to Plaintiff's 401k for the year of 2013, (3) a guarantee of payment for company stock held by Plaintiff, (4) the opportunity to take ownership of the company's term life insurance

policy on Plaintiff's life, (5) a $5,000 consulting fee for 50 hours of consulting time, and (6) payment of Plaintiff's COBRA premium by Defendant for 90 days if Plaintiff elects to continue coverage. Dkt. No. 9-4 at 2. These benefits are sufficient to find that this factor weighs in favor of Defendant.

### *e. The clarity of the agreement*

Not considering the page discussing all of the benefits provided to Plaintiff, the release is just over two-pages long and contains clear and concise language, similar to other situations where courts have found in favor of the defendant due to the relative simplicity of the challenged release. *See Cordoba v. Beau Deity & Assocs.*, No. 02 Civ. 4951, 2003 WL 22927874, *5 (S.D.N.Y. Dec. 2, 2003) (holding that a release slightly longer than two pages that specifically refers to the waived claims is sufficient to weigh in favor of the defendant); *Rozenfeld v. Dep't of Design & Constr.*, 875 F. Supp. 2d 189, 200 (E.D.N.Y. 2012) (holding that a stipulation of less than one and one half pages and seven paragraphs was sufficient to weigh in favor of the defendant); *Sako v. Ohio Dept. of Admin. Serv.*, No. 2:06-cv-0728, 2007 WL 1500905, *7 (S.D. Ohio May 21, 2007) (finding that a settlement agreement of slightly over a page that was "clear and concise in its language" was sufficient to weigh in favor of the defendant). Accordingly, the Court finds that this factor weighs in favor of Defendant.

### *f. Representation by or consultation with an attorney*

Plaintiff specifically states that "he signed the release without the benefit of counsel." Dkt. No. 1 at 8. Plaintiff's statement is sufficient to find that this factor weighs in his favor. *Figueroa v. MRM Worldwide*, No. 12 Civ. 4115, 2014 WL 902953, *8 (S.D.N.Y. Mar. 7, 2014) (holding that the plaintiff's failure to consult an attorney means this factor weighs in his favor); *cf. Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 749 (W.D. Mich. 2008) (finding that the

plaintiff's failure to indicate that he would have consulted with a lawyer if given the opportunity weighed in favor of enforcing the waiver).

### g. *Whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law*

Stated differently, determinative for this factor is whether the plaintiff "would not have otherwise received" the consideration given in exchange for the waiver. *Hsueh v. The Bank of New York*, No. 05 Civ. 5345, 2006 WL 2778858, *5 (S.D.N.Y. Sept. 26, 2006). According to the release, Plaintiff received (1) a $9,000 severance benefit, (2) Defendant's contribution to Plaintiff's 401k for the year of 2013, (3) a guarantee of payment for company stock held by Plaintiff, (4) the opportunity to take ownership of the company's term life insurance policy on Plaintiff's life, (5) a $5,000 consulting fee for 50 hours of consulting time, and (6) payment of Plaintiff's COBRA premium by Defendant for 90 days if Plaintiff elected to continue coverage. Dkt. No. 9-4 at 2. Plaintiff received these benefits in consideration for his waiver of all claims specified in the release. Dkt. No. 9-4 at 1. This is sufficient to show that Plaintiff "would not have otherwise received" the benefits, and therefore this factor weighs in favor of Defendant. *Hsueh*, 2006 WL 2778858 at *5; *Howard v. DaimlerChrysler Corp.*, 290 F. Supp. 2d 784, 791 (E.D. Mich. 2003)

### h. *Encouragement and fair opportunity to consult an attorney*

Language within the separation agreement and release that "advises Plaintiff of [his] right to consult an attorney" is sufficient to tip this factor in Defendant's favor. *Bachiller*, 2003 WL 1878416, at *4; *Adams*, 67 F.3d at 583 (finding that this factor was satisfied when the plaintiff "was advised by [defendant] to consult with an attorney"). The release fulfills this requirement, stating that "Brewer acknowledges that he has been advised, both orally and by this writing, of his

12

right to consult with an attorney before entering into this agreement." Dkt. No. 9-4 at 5. Accordingly, this factor weighs in favor of Defendant.

### *i. Conclusion*

Six of the seven factors weigh in Defendant's favor. Although Plaintiff did not have the benefit of counsel, Plaintiff was informed that he had the right to consult with an attorney and all other factors weigh in favor of the Court finding that Plaintiff knowingly and voluntarily agreed to the waiver. *Hsueh*, 2006 WL 2778858 at *5 (finding that six factors in favor of enforcement was sufficient to grant the defendant's motion to dismiss); *Kramer v. Vendome Group LLC*, No. 11 Civ. 5245, 2012 WL 4841310, *5 (S.D.N.Y. Oct. 4, 2012) (granting the defendant's motion to dismiss and finding that the plaintiff's failure to consult with an attorney where the release advised her of this right did not undermine the validity of the release).

Finally, in the complaint, Plaintiff alleges that the medication he was taking made him "overly agreeable and docile" and, therefore, he was rendered "legally incompetent" to enter into the Agreement. *See* Dkt. No. 1 at 8. A contract may be voidable "'if the other party has reason to know that by reason of intoxication (a) he is unable to understand in a reasonable manner the nature and consequences of the transaction, or (b) he is unable to act in a reasonable manner in relation to the transaction.'" *Reid v. IBM Corp.*, No. 95 Civ. 1755, 1997 WL 357969, *9 (S.D.N.Y. June 26, 1997) (quotation omitted). Plaintiff's conclusory assertion regarding the effect of his medication after his release from the hospital does not plausibly suggest that he was unable to comprehend the nature of the Agreement. Further, Plaintiff has failed to allege any facts suggesting that Defendant had knowledge of his alleged impairment. *See id.*; *see also DeClue v. General Motors Corp.*, No. 99-2229, 2000 WL 1472856, *2 (D. Kan. Aug. 22, 2000) (citations omitted).

Based on the foregoing, the Court finds that Plaintiff signed the release knowingly and voluntarily and thereby grants Defendant's motion to dismiss.

**C.     Motion to transfer venue**

Since the Court has granted Defendant's motion to dismiss, Defendant's motion to transfer this case to the Southern District of Ohio is moot.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion to transfer venue is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 24, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge